## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MARCELLE | : CIVIL ACTION NO. |
| 738 N. 5th Street | |
| Allentown, PA 18102 | : |
| | |
| Plaintiff | : |
| | |
| vs. | : COMPLAINT |
| | |
| ALLENTOWN POLICE DEPARTMENT | : |
| 425 W. Hamilton Street | |
| Allentown, PA 18102 | : |
| and | |
| CITY OF ALLENTOWN | : |
| 425 W. Hamilton Street | |
| Allentown, PA 18102 | : |
| and | |
| BRETT M. GUTH | : |
| c/o Allentown Police Department | |
| 425 W. Hamilton Street | : |
| Allentown, PA 18102 | |
| and | : |
| JOHN C. BUCKWALTER | |
| c/o Allentown Police Department | : |
| 425 W. Hamilton Street | |
| Allentown, PA 18102 | : |
| | |
| Defendants | : JURY TRIAL DEMANDED |

## COMPLAINT IN CIVIL ACTION

## PARTIES

Plaintiff, Jason Marcelle by and through his attorney, John N. Zervanos, Esquire of Soloff & Zervanos, P.C. files this complaint against Defendants, Allentown Police Department, City of Allentown, Brett M. Guth and John C. Buckwalter, and alleges as follows:

1.      Plaintiff, Jason Marcelle, was at all times relevant hereto an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above noted address.

2.      Defendant, Brett M. Guth, is an adult individual who was at all times relevant hereto a duly appointed and an acting officer of the Police Department of the City of Allentown, acting under color of state law.  He is being sued in both his individual and official capacities.

3.      Defendant, John C. Buckwalter, is an adult individual who was at all times relevant hereto a duly appointed and an acting officer of the Police Department of the City of Allentown, acting under color of state law.  He is being sued in both his individual and official capacities.

4.      Defendant, Allentown Police Department, is a municipal corporation and/or other jural entity organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with a principal address of 425 W. Hamilton Street, Allentown, Lehigh County, Pennsylvania 18102.

5.      Defendant, City of Allentown, is a municipal corporation organized and existing  pursuant to the laws of the Commonwealth of Pennsylvania with its offices at 425 W. Hamilton Street, Allentown, Lehigh County, Pennsylvania 18102.

6.      Defendants, City of Allentown and Allentown Police Department, are vicariously liable for the conduct of defendants, Buckwalter and Guth, and other authorized agents, servants, employees and ostensible agents, all of whom were acting in the course and scope of their employment and of the control or right to control of defendants, City of Allentown and Allentown Police Department, hereinafter referred to as "Allentown defendants" as more fully set forth herein.

7.      At all relevant times hereto, Defendant, City of Allentown, owned, operated, directed and controlled defendant, Allentown Police Department.

8.      At all relevant times hereto, Defendants, Guth and Buckwalter, were duly appointed and

acting officers of the Allentown City Police Department and were thus employees of the

Allentown defendants.

9.      At all times relevant hereto, the City of Allentown and the Police Department of the City

of Allentown were acting by and through defendants, Buckwalter and Guth, and other authorized

agents, servants, employees and ostensible agents, all of whom were acting in the course and

scope of their employment and under the control or right to control of defendants, City of

Allentown and Allentown Police Department, as more fully set forth herein.


10.     At all times relevant hereto, and in all their actions described herein, all defendants and

their authorized agents, servants, employees and ostensible agents were acting under color of state

law.

## JURISDICTION AND VENUE

11.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and

42 U.S.C. § 1983.


12.     The Eastern District of Pennsylvania is the proper venue for this action pursuant to 28

U.S.C. § 1391(b) as all parties reside in this judicial district and a substantial portion of the events

that gave rise to this action occurred within this judicial district.


## FACTS

13.     On May 30, 2007, plaintiff Jason Marcelle was standing on a sidewalk at or near Chew and

7th Streets in the City of Allentown.

14.     At or about the same time as above, defendants Guth and Buckwalter were operating their

Allentown City Police vehicles and responding to a call to the Allentown Police Department that

there was a man with a gun in area of 10th & Linden Streets, in Allentown.

15.     At or about the same time above, defendant police officer Brett Guth was traveling in a

southbound direction on 7th Street and at about the same time defendant police officer Buckwalter

was traveling west on the 600 block of West Chew Street in the City of Allentown when the two

vehicles traveled out of control onto the sidewalk and struck plaintiff Jason Marcelle where he had

been walking.

16.     Defendants Guth and Buckwalter were or should have been aware that other police officers

were proceeding to this scene and that they were not faced with an emergency situation and knew

or should have known that they were able to make conscious, deliberate decisions as to the

direction and manner in which to respond to the call.

17.     Defendants Guth and Buckwalter chose to and did proceed through the streets of

Allentown at an excessively high rate of speed, in disregard to traffic signals and controls, and in

disregard to the presence of other police vehicles responding to the call, without due care to the

risk to pedestrians in a densely populated area of Allentown.

18.     Upon further information and belief, defendant Guth admittedly took his eyes off the road

while traveling at a rate of speed over and above the posted speed limit, ignored a traffic signal

controlling his direction of travel which at the time was red, entered the intersection and struck the

vehicle operated by defendant Buckwalter.  As a result defendant Buckwalter's vehicle spun in a clockwise direction traveled over the curb and into the southwest corner of the intersection of West Chew Street and 7th Street.  The rear of defendant Buckwalter's vehicle then struck plaintiff Jason Marcelle and another pedestrian, Daviay Legrand as they stood on the southern portion of the West Chew Street sidewalk pinning them against a concrete wall.

19.     At all relevant times, defendants knew or should have known that there would be pedestrians in this highly populated residential neighborhood particularly, pedestrians located in the vicinity of the intersection of 7th & Chew Streets in the City of Allentown.

20.     At all times relevant hereto, defendants, Guth and Buckwalter acted in reckless disregard of the safety and well being of the general public including Jason Marcelle and in the manner that shocks the conscience as they consciously sped through a controlled highly populated intersection of 7th & Chew Streets knowing that other officers had responded and were in closer proximity to the emergency call where allegedly an armed gunman was making threats to shoot people at or near the intersection of 10th & Linden Streets.

21.     The Allentown defendants hired defendant Guth and appointed him as a police officer despite a driving record that included multiple speeding violations including once going 104mph on the Pennsylvania Turnpike's Northeast Extension and also found intoxicated and asleep in his car which lead to a drunk driving arrest on another occasion.

22.     Prior to May 30, 2007, financial mismanagement of the Allentown Police Department by

both the Allentown Police Department and the City of Allentown caused them to hire large

numbers of inexperienced officers without adequate inquiry into their driving records and to place

them into active service without adequate training relating to police officers involved in police

emergencies, police emergency vehicle use in general, and officer assist calls in particular.

23.     The defendants City of Allentown and/or Allentown Police Department, its agents,

servants and/or employees prior to and at the time of this incident, were aware of the need for

additional and/or different training, testing, rules, regulations, policies, procedures, guidelines,

directives, investigation and/or discipline, relating to police officers involved in police emergency

vehicle use in general and officer assist calls in particular but with deliberate indifference failed to

take measures necessary to prevent shockingly unconscionable actions and conduct by a police

officer including defendants Guth and Buckwalter.

24.     Defendants, the City of Allentown and/or Allentown Police Department have been

deliberately indifferent to the need for additional and/or different training, testing, rules,

regulations, policies, procedures, guidelines, directives, investigation and/or discipline, relating to

a police officer involved in police emergency vehicle use in general and officer assist calls in

particular.

25.     Defendants, the City of Allentown and/or Allentown Police Department, its agents,

servants and/or employees, failed to properly sanction or discipline officers who violate  rules,

regulations, policies, procedures, guidelines, and/or directives relating to police officers involved

in police emergency vehicle use in general and officer assist calls in particular, thereby causing

and encouraging officers, including defendants Buckwalter and Guth to violate the rights of citizens as plaintiff Jason Marcelle.

26.     The actions of all the defendants violated Jason Marcelle's rights to be free from the defendants' deliberate indifference to, or affirmative acts that interfere with a pedestrian's fundamental right to bodily integrity and increase the danger of pedestrians including plaintiff, Jason Marcelle.

27.     As a direct and proximate result of the aforesaid acts, omissions, deliberate indifference to the danger and harm to the general public like plaintiff, Jason Marcelle resulting from the need for additional and/or different training, deliberate indifference to systematic deficiencies, and the policies and customs of the City of Allentown and/or Allentown Police Department, Jason Marcelle's rights were violated and he sustained severe injuries, including, but not limited to a left open tibial fracture with associated closed fibula fracture grade 2 to 3, a traumatic wound to the planter aspect of his left foot, a fracture of the distal phalanx of the great toe, open knee fracture/dislocation involving a fracture of the medial femoral condyle, anterior cruciate tear and a lateral collateral ligament avulsion  injury of the proximal fibula, a right proximal fibula avulsion fracture, right knee multi ligamentous injury with medial femoral condyle fracture, medial femoral condyle fracture with injury and cruciate ligament instability, left foot neuropathy, other multiple non-union fractures,  numbness, paresthesias, atrophy and weakness, pain, suffering, humiliation, disfigurement, disability, impairment of bodily function, and loss of enjoyment of life and life's pleasures all to his great detriment and loss.

28.     As a further direct and proximate result of the aforesaid acts, omissions and deliberate indifference to the danger or harm to the general public for the reasons stated above, Plaintiff Jason Marcelle has in the past and will in the future require hospital, surgical, nursing and physical therapy and rehabilitation, and long term nursing & medical care for the treatment of injuries described above, all to his great detriment, financial and otherwise.

29.     As a further direct and proximate result of the aforesaid acts, omissions and deliberate indifference to the danger or harm for the reasons stated above, plaintiff Jason Marcelle has in the past and will in the future be unable to attend to and perform the duties of his vocation and may suffer loss of earnings, future earning capacity all to his great detriment financial and otherwise.

30.     The injuries to Jason Marcelle were caused solely and exclusively by the fault, violation of constitutional rights, unconscionable conduct and negligence of defendants herein and were due in no manner whatsoever of any fault or failure to act on the part of Jason Marcelle.

31.     The fundamental rights described above arise from the due process clause contained within the 14th Amendment to the United States Constitution.

32.     As a resident and pedestrian in the area plaintiff, Jason Marcelle was a member of a discrete class of persons made vulnerable to enhanced risk of bodily injury, and emotional trauma caused by the defendants' actions as stated above.

33.     Due to the willful, reckless, shockingly unconscionable and outrageous conduct of the defendants described herein, plaintiff seeks punitive damages under Pennsylvania law.

WHEREFORE, plaintiff prays judgment against defendant Brett M. Guth individually, jointly and severally in an amount in excess of $150,000.00 dollars, together with interest, costs, punitive damages and delay damages as the law may allow.

## COUNT I - VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

### Plaintiff Jason Marcelle vs. Defendant Brett M. Guth

34.     Plaintiff incorporates by reference all the preceding paragraphs as though fully set forth herein.

35.     Defendant Guth violated the civil rights of Jason Marcelle by the following actions which were all taken in conscious disregard to his fundamental rights described above:

      a.     failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle;

      b.     failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle entering a controlled intersection;

      c.     failing to weigh the risks of danger to life and property while operating the police emergency vehicle at an excessive speed;

      d.     proceeding past a red traffic signal without slowing down or stopping;

      e.     entering a controlled intersection at a speed in excess of 30mph;

      f.     failing to determine if cross traffic had yielded prior to crossing a controlled intersection;

      g.     proceeding through the intersection with disregard of the presence of other police vehicles at the same intersection;

      h.     disregarding traffic laws without having emergency lights and sirens activated;

I.  failing to take evasive action in order to avoid colliding with other traffic;

j.  failing to avoid striking plaintiff's person;

k.  responding to the call without maintaining communication with police headquarters and other officers in order to be aware of the number and location of officers responding to the call;

l.  failing to afford other vehicles and plaintiff proper and sufficient notice and warning of his approach;

m.  negligently operating the police emergency vehicle and disregard of the rules, regulations,  and/or directives of the City of Allentown and/or its police department;

n.  failing to adhere to the rules of the road and the motor vehicle code of the Commonwealth of Pennsylvania.


36.  In performing the above actions, defendant Guth was exercising his authority as a police officer including the authority afforded him by the Allentown defendants.

37.  The conduct of defendant Guth as aforesaid acting under color of state law, was recklessly indifferent to the safety and well being of plaintiff and the general public and with a conscious disregard of the substantial and/or justifiable risk of causing harm and was so egregious that it shocks the conscience.

38.  By his actions defendant Guth thereto violated plaintiff's right to substantive due process as included but not limited to and is guaranteed by the 14th Amendment of the United States Constitution and 42 U.S.C.A. §1983.

39.  As set forth above, defendant Guth's conscience-shocking actions violated the

constitutional civil rights of plaintiff Jason Marcelle who was a member of a discrete class of persons made vulnerable by Guth's actions.

WHEREFORE, plaintiff prays judgment against defendant Brett M. Guth individually, jointly and severally in an amount in excess of $150,000.00 together with interest, costs, punitive damages, and delay damages as the law may allow.

## COUNT II - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983

### Plaintiff Jason Marcelle vs. John C. Buckwalter

40.     Plaintiff incorporates by reference all the preceding paragraphs as though fully set forth herein.

41.     Defendant Buckwalter violated the civil rights of Jason Marcelle by the following actions which were all taken in conscious disregard to his fundamental rights described above:

    a.     failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle;

    b.     failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle entering a controlled intersection;

    c.     failing to weigh the risks of danger to life and property while operating the police emergency vehicle at an excessive speed;

    d.     proceeding past a red traffic signal without slowing down or stopping;

    e.     entering a controlled intersection at a speed in excess of the posted speed limit;

    f.     failing to determine if cross traffic had yielded prior to crossing a controlled

intersection;

g.      proceeding through the intersection with disregard of the presence of other police

        vehicles at the same intersection;

h.      disregarding traffic laws without having emergency lights and sirens activated;

I.      failing to take evasive action in order to avoid colliding with other traffic;

j.      failing to avoid striking plaintiff's person;

k.      responding to the call without maintaining communication with police headquarters

        and other officers in order to be aware of the number and location of officers

        responding to the call;

l.      failing to afford other vehicles and plaintiff proper and sufficient notice and

        warning of his approach;

m.      negligently operating the police emergency vehicle and disregard of the rules,

        regulations,  and/or directives of the City of Allentown and/or its police

        department;

n.      failing to adhere to the rules of the road and the motor vehicle code of the

        Commonwealth of Pennsylvania.


42.     In performing the above actions, defendant Buckwalter was exercising his authority as a

police officer including the authority afforded him by the Allentown defendants.


43.     The conduct of defendant Buckwalter as aforesaid acting under color of state law, was

recklessly indifferent to the safety and well being of plaintiff and the general public and with a

conscious disregard of the substantial and/or justifiable risk of causing harm and was so egregious

that it shocks the conscience.

44.     By his actions defendant Buckwalter thereto violated plaintiff's right to substantive due process as included but not limited to and is guaranteed by the 14th Amendment of the United States Constitution and 42 U.S.C.A. §1983.

45.     As set forth above, defendant Buckwalter's conscience-shocking actions violated the constitutional civil rights of plaintiff Jason Marcelle who was a member of a discrete class of persons made vulnerable by Buckwalter's actions.

        WHEREFORE, plaintiff prays judgment against defendant John C. Buckwalter individually, jointly and severally in an amount in excess of $150,000.00 dollars,  together with interest, costs, punitive damages and delay damages as the law may allow.

**COUNT III - VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. §1983**

**Plaintiff Jason Marcelle vs. City of Allentown and Allentown Police Department**

46.     Plaintiff incorporates by reference all of the preceding paragraphs as through fully set forth herein.

47.     The Allentown defendants violated the civil rights of Jason Marcelle by the following actions and failures to act:

      a.     failing to properly train and/or test police officers including defendants Guth and Buckwalter in emergency driving;

      b.     hiring police officers without adequate inquiry into their driving history;

      c.     requiring inexperienced and untrained officers to respond to police calls;

    d.       failing to provide training or direction to its officers regarding communication with police headquarters and other officers while responding to a call in order to be aware of the number and location of officers responding to the call;

    e.       failing to respond to the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, investigation and/or discipline relating to police officers involved in emergency vehicle used in general and officer assist calls in particular;

    f.       failing to enact additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, investigation and/or discipline relating to police officers involved in emergency vehicle use in general and officer assist calls in particular;

    g.       failing to properly sanction or discipline officers who violate rules, regulations, policies, procedures, guidelines, and/or directives related to police officers involved in police emergency vehicle in general and officer assist calls in particular; and

    h.       negligently and recklessly causing and encouraging officers including defendants Guth and Buckwalter to violate the rights of citizens such as plaintiff in connection with police emergency vehicle use in general and officer assist calls in particular.

48.    The above actions and failures to act were in accordance with the customs and procedures or policies of the Allentown defendants.

49.    Police response driving, such as that present here, is a situation that frequently occurs and it is predictable that an officer lacking the specific training and experience to handle that situation

will violate citizens' fundamental rights and to prevent bodily injury to its citizens including plaintiff Jason Marcelle.

50.     The above actions and failures to act caused the constitutional deprivation sustained by plaintiff Jason Marcelle and was the moving force behind Guth and Buckwalter's actions.


        WHEREFORE, plaintiff prays judgment against defendants City of Allentown and Allentown Police Department individually, jointly and severally in an amount in excess of $150,000.00 dollars, together with interest, costs, punitive damages, and delay damages as the law may allow.


## COUNT IV - PENDENT STATE CLAIM - NEGLIGENCE

### Plaintiff Jason Marcelle vs. Brett M. Guth

51.     Plaintiff incorporates by reference all of the preceding paragraphs as through fully set forth herein.


52.     Plaintiff Jason Marcelle's injuries as set forth above are directly and proximately caused by defendant Guth's negligence as set forth below.


53.     The negligence of defendant Guth consisted of the following:

        a.      failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle;

        b.      failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle entering a controlled intersection;

c.      failing to weigh the risks of danger to life and property while operating the police emergency vehicle at an excessive speed;

d.      proceeding past a red traffic signal without slowing down or stopping;

e.      entering a controlled intersection at a speed in excess of 30mph;

f.      failing to determine if cross traffic had yielded prior to crossing a controlled intersection;

g.      proceeding through the intersection with disregard of the presence of other police vehicles at the same intersection;

h.      disregarding traffic laws without having emergency lights and sirens activated;

I.      failing to take evasive action in order to avoid colliding with other traffic;

j.      failing to avoid striking plaintiff's person;

k.      responding to the call without maintaining communication with police headquarters and other officers in order to be aware of the number and location of officers responding to the call;

l.      failing to afford other vehicles and plaintiff proper and sufficient notice and warning of his approach;

m.      negligently operating the police emergency vehicle and disregard of the rules, regulations,  and/or directives of the City of Allentown and/or its police department;

n.      failing to adhere to the rules of the road and the motor vehicle code of the Commonwealth of Pennsylvania.

54.    Defendant Guth is not immune from suit under Pennsylvania Political Subdivision Tort

Claims Act 42 P.S. §8541 et seq. because his negligence falls within the exception to immunity afforded by 42 P.S. §8542(b)(1).

55.    As a result of the negligence and carelessness set forth above plaintiff Jason Marcelle suffered injuries as set forth above.

WHEREFORE, plaintiff prays judgment against defendant Brett M. Guth individually, jointly and severally in an amount in excess of $150,000.00 dollars, together with interest, costs, punitive damages, and delay damages as the law may allow.

## COUNT V - PENDENT STATE CLAIM - NEGLIGENCE

### Plaintiff Jason Marcelle vs. Defendant John C. Buckwalter

56.    Plaintiff incorporates by reference all of the preceding paragraphs as through fully set forth herein.

57.    Plaintiff Jason Marcelle's injuries as set forth above are directly and proximately caused by defendant Buckwalter's negligence as set forth below.

58.    The negligence of defendant Buckwalter consisted of the following:

a.    failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle;

b.    failing to follow police department policy, procedures, guidelines and/or directives in the operation of a police emergency vehicle entering a controlled intersection;

c.    failing to weigh the risks of danger to life and property while operating the police emergency vehicle at an excessive speed;

d.    proceeding past a red traffic signal without slowing down or stopping;

e.      entering a controlled intersection at a speed in excess of 30mph;

f.      failing to determine if cross traffic had yielded prior to crossing a controlled intersection;

g.      proceeding through the intersection with disregard of the presence of other police vehicles at the same intersection;

h.      disregarding traffic laws without having emergency lights and sirens activated;

I.      failing to take evasive action in order to avoid colliding with other traffic;

j.      failing to avoid striking plaintiff's person;

k.      responding to the call without maintaining communication with police headquarters and other officers in order to be aware of the number and location of officers responding to the call;

l.      failing to afford other vehicles and plaintiff proper and sufficient notice and warning of his approach;

m.      negligently operating the police emergency vehicle and disregard of the rules, regulations, and/or directives of the City of Allentown and/or its police department;

n.      failing to adhere to the rules of the road and the motor vehicle code of the Commonwealth of Pennsylvania.


59.     Buckwalter is not immune from suit under Pennsylvania Political Subdivision Tort Claims Act 42 P.S. §8541 et seq. because his negligence falls within the exception to immunity afforded by 42 P.S. §8542(b)(1).

60.     As a result of the negligence and carelessness set forth above plaintiff Jason Marcelle

suffered injuries as set forth above.

        WHEREFORE, plaintiff prays judgment against defendant John C. Buckwalter

individually, jointly and severally in an amount in excess of $150,000.00 dollars, together with

interest, costs, punitive damages, and delay damages as the law may allow.

                                                    SOLOFF & ZERVANOS, P.C.


                                    BY:_____
                                          S/JOHN N. ZERVANOS, ESQUIRE
                                          Attorney I.D. No: 49615
                                          1525 Locust Street, 8th Floor
                                          Philadelphia, PA 19102
                                          (215) 732-2260
                                          Attorneys for Plaintiff, Jason Marcelle