IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MARCELLE and CRYSTAL LEGRAND, Individually and as Administratrix of the Estate of DAVIAY LEGRAND, and as Parent and Natural Guardian of S.L. and N.L., Minors,<br><br>Plaintiffs,<br><br>v.<br><br>ALLENTOWN POLICE DEPARTMENT, et al.,<br>Defendants. | CIVIL ACTION<br><br>NO. 07-4376 |

## ORDER

**AND NOW**, this _____ day of _____, 2011, upon review of the Report and Recommendation of Magistrate Judge Henry S. Perkin dated September 27, 2011,

**IT IS ORDERED** that the Report and Recommendation is **APPROVED and ADOPTED** and the Petition to Allocate for Settlement Proceeds, Approve Settlement for the Estate of Daviay Legrand and Approve Minors' Compromise (Docket No. 77) is **GRANTED**.

**IT IS FURTHER ORDERED** that Intervenor's Motion to Receive Proceeds of the Settlement (Document Nos. 80, 91, 98) is **DENIED**.

**IT IS FURTHER ORDERED** that the settlement proceeds shall be distributed as follows:

 To: Crystal Legrand $ 150,000.00
 (Mother of decedent - wrongful death claim)

 To: Crystal Legrand  253,445.54
 (Negligent infliction of emotional distress)

| | | |
|---|---|---|
| To: | S. L., the Minor daughter of Crystal Legrand (In a restricted account) | 10,000.00 |
| To: | N.J.,[1] the Minor son of Crystal Legrand (In a restricted account) | 5,000.00 |
| To: | The Bauer Law Firm, P.C. & Angelo Altimonti, Esquire | 150,000.00 |
| To: | The Bauer Law Firm, P.C. (Reimbursement of costs) | 31,554.46 |

TOTAL SETTLEMENT DISTRIBUTION    $ 600,000.00

Provided that upon receipt thereof, Plaintiff's counsel shall promptly deposit the minors' funds in separate interest-bearing savings accounts, money-market accounts or certificates of deposit at a federally insured depository, entitled "S.L., minor daughter of Crystal Legrand" and "N.J., minor son of Crystal Legrand"[2] subject to the express restriction which shall be noted upon the records of the depository and on the passbooks or certificates that during minority, withdrawal of principal or interest is prohibited unless specifically authorized by Order of the undersigned or by Order of any duly authorized Judge of the United States District Court for the Eastern District of Pennsylvania, or of the Orphans' Court Division of the Court of Common Pleas of Lehigh County, Pennsylvania, upon cause shown.  When S.L., the minor daughter of Crystal Legrand, becomes eighteen (18) years old, and when N.J., the minor son of Crystal Legrand, becomes eighteen (18) years old, the depository shall, upon order of the former minor, and without the necessity of an accounting or further court Order, pay the funds then on deposit in the restricted account to the former minor.

As evidence of compliance with this Order, Plaintiff's counsel shall file with the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania **on or before October 31, 2011**:

- sworn acknowledgments ("Affidavits of Deposit") by an authorized official of the depository, that the balance of the money as herewith allotted to each minor has been deposited

---

[1] The caption of the Complaint identified the minor son of Crystal Legrand as N.L., but the Petition identifies him as N.J.  Counsel shall open the account on the minor son's behalf and shall indicate in the documents to be filed on or before October 31, 2011 the correct initial of the minor son's legal surname.

[2] The accounts shall bear the full legal names of the minor children.  The names are abbreviated herein pursuant to Local Rule of Civil Procedure 5.1.3., Modification or Redaction of Personal Identifiers.

> in a form of savings investment entitled in the minor's name alone, subject to the restrictions on withdrawals hereinbefore imposed, and that said restrictions, the civil captions and civil action numbers, have been noted on the bank's records and in the passbook(s) or on the certificate(s);[3]

- Attorney's Certificates of Compliance with Order Directing Deposit of Minor's Funds; and

- Parent's Certification Regarding Establishment of Restricted Account for Minor

**IT IS FURTHER ORDERED** that allocation of the settlement proceeds shall be 100 percent (100%) to the Wrongful Death cause of action and zero percent (0%) to the Survival cause of action.

**IT IS FURTHER ORDERED** that Petitioner is authorized to execute the releases necessary to effectuate the compromise and settlement set forth in the Petition.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark the within action closed for statistical purposes. The Court shall retain jurisdiction for any matters regarding the within compromise and settlement.

BY THE COURT:

_____
LAWRENCE F. STENGEL, J.

---

[3] The affidavit shall also note that any successive certificate(s) of deposit shall be subject to identical account restrictions.